BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Defendant
NEWPORT BEACH HOLDINGS, LLC

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MANGAOANG,<br><br>Debtor, | Case No. 18-52245-MEH<br><br>Adv. No. 18-05062<br><br>Chapter Number: 13<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED ADVERSARY COMPLAINT BY NEWPORT BEACH HOLDINGS, LLC** |
| CECILIA MANGAOANG,<br><br>Plaintiff,<br><br>Vs.<br><br>SPECIAL DEFAULT SERVICES, INC.; TRINITY FINANCIAL SERVICES, LLC; NEWPORT BEACH HOLDINGS, LLC; Does 1-10, inclusive<br><br>Defendant. | |

Defendant Newport Beach Holdings, LLC ("NBH,") ("Defendant"), by and through its

counsel, hereby responds to the First Amended Verified Adversary Complaint [Docket No. 7]

(the "**Complaint**") of Cecilia Mangaoang (the "**Plaintiff**"), and states for its Answer and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 1 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 1 of 28

Affirmative Defenses as follows:

        1.     To the extent that the allegations of Paragraph 1 seek to paraphrase or characterize the contents of written documents, those documents speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with those documents.

        2.     The allegations of Paragraph 2 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        3.     The allegations of Paragraph 3 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        4.     The allegations of Paragraph 4 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        5.     The allegations of Paragraph 5 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        6.     The allegations of Paragraph 6 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        7.     The allegations of Paragraph 7 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

        8.     Defendant denies the allegations contained in Paragraph 8.

        9.     The allegations of Paragraph 8 state requests for relief and legal conclusions, to which no answer is required. To the extent an answer is required, Defendant denies.

        10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

        11.     Defendant admits the allegations contained in Paragraph 11.

        12.     Defendant admits the allegations contained in Paragraph 12.

        13.     Defendant admits the allegations contained in Paragraph 13.

        14.     Defendant admits that Trinity is a Wyoming limited liability corporation with principal office located at 1621 Central Ave. Cheyenne, WY 82001, and a mailing address located at 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660 and denies the remaining allegations contained in Paragraph 14.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 2 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062   Doc# 22   Filed: 01/17/19   Entered: 01/17/19 15:02:05   Page 2 of 28

15. Defendant denies that Newport Beach Holdings, LLC is a Nevada corporation. Defendant admits the remaining allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. The allegations of Paragraph 19 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

20. Defendant admits the allegations contained in Paragraph 20. Defendant NBH transferred the Note to Trinity.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22. To the extent an answer is required, Defendant denies.

23. The allegations of Paragraph 23 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

24. The allegations of Paragraph 24 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

25. Defendant denies the allegations contained in Paragraph 25.

26. The allegations of Paragraph 26 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

27. The allegations of Paragraph 27 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

28. The allegations of Paragraph 28 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

29. The allegations of Paragraph 29 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

///

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.  To the extent an answer is required Defendant denies.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.  To the extent an answer is required, Defendant denies.

32.     The allegations of Paragraph 32 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

33.     The allegations of Paragraph 33 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.  To the extent an answer is required, Defendant denies.

35.     The allegations of Paragraph 35 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     To the extent the allegations of Paragraph 37 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

38.     To the extent the allegations of Paragraph 38 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

39.     To the extent the allegations of Paragraph 39 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

40.     To the extent the allegations of Paragraph 40 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

///

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 4 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062   Doc# 22   Filed: 01/17/19   Entered: 01/17/19 15:02:05   Page 4 of 28

41.     To the extent the allegations of Paragraph 41 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

42.     To the extent the allegations of Paragraph 42 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

43.     To the extent the allegations of Paragraph 43 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

44.     To the extent the allegations of Paragraph 44 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

45.     To the extent the allegations of Paragraph 45 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

46.     To the extent the allegations of Paragraph 46 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

47.     To the extent the allegations of Paragraph 47 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

48.     To the extent the allegations of Paragraph 48 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

49.     The allegations of Paragraph 49 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

50.     The allegations of Paragraph 50 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

51.     The allegations of Paragraph 51 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

52.     To the extent the allegations of Paragraph 52 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.  To the extent an answer is required, Defendant denies.

54.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.  To the extent an answer is required, Defendant denies.

55.     The allegations of Paragraph 55 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

56.     The allegations of Paragraph 56 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

57.     Defendant admits that "Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee, for the Benefit of registered holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR3" ("Wilmington") claims to be a Creditor under the first deed.  Defendant denies the remaining allegations contained in Paragraph 57, as Wilmington filed a Proof of Claim in Bankruptcy Case No. 18-52245-MEH on or about October 29, 2018.

58.     The allegations of Paragraph 58 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

59.     To the extent the allegations of Paragraph 59 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

60.     To the extent the allegations of Paragraph 60 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 6 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

Case: 18-05062     Doc# 22     Filed: 01/17/19     Entered: 01/17/19 15:02:05     Page 6 of 28

61.     To the extent the allegations of Paragraph 61 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

62.     To the extent the allegations of Paragraph 62 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

63.     To the extent the allegations of Paragraph 63 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

64.     To the extent the allegations of Paragraph 64 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

65.     To the extent the allegations of Paragraph 65 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

66.     To the extent the allegations of Paragraph 66 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

67.     To the extent the allegations of Paragraph 67 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent an answer is required, Defendant denies.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent an answer is required, Defendant denies.

70.     The allegations of Paragraph 70 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

71. The allegations of Paragraph 71 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

72. The allegations of Paragraph 72 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

73. The allegations of Paragraph 73 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

74. The allegations of Paragraph 74 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

75. Defendant admits the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. The allegations of Paragraph 79 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

80. The allegations of Paragraph 80 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

81. The allegations of Paragraph 81 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

82. The allegations of Paragraph 82 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

83. The allegations of Paragraph 83 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85.

86. The allegations of Paragraph 86 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

87. The allegations of Paragraph 87 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

88. The allegations of Paragraph 88 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

89. Defendant denies the allegations contained in Paragraph 89.

90. The allegations of Paragraph 90 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

96. The allegations of Paragraph 96 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

97. The allegations of Paragraph 97 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

98. The allegations of Paragraph 98 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. The allegations of Paragraph 101 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

102. The allegations of Paragraph 102 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

103. The allegations of Paragraph 103 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

104. Defendant denies the allegations contained in Paragraph 104.

105. The allegations of Paragraph 105 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

106. To the extent the allegations of Paragraph 106 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

107. To the extent the allegations of Paragraph 107 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

108. The allegations of Paragraph 108 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

109. The allegations of Paragraph 109 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

110. Defendant admits the allegations contained in Paragraph 110.

111. Defendant denies the allegations contained in Paragraph 111.

112. The allegations of Paragraph 112 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

113. The allegations of Paragraph 113 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

114. The allegations of Paragraph 114 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

115. The allegations of Paragraph 115 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

116. The allegations of Paragraph 116 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

117. The allegations of Paragraph 117 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

118. The allegations of Paragraph 118 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

119. The allegations of Paragraph 119 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 10 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 10 of 28

120. Defendant denies the allegations contained in Paragraph 120.

121. To the extent the allegations of Paragraph 121 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

122. The allegations of Paragraph 122 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

123. Defendant denies the allegations contained in Paragraph 123.

124. Defendant denies the allegations contained in Paragraph 124.

125. Defendant denies the allegations contained in Paragraph 125.

126. Defendant denies the allegations contained in Paragraph 126.

127. To the extent the allegations of Paragraph 127 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

128. The allegations of Paragraph 128 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

129. To the extent the allegations of Paragraph 129 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

130. To the extent the allegations of Paragraph 130 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

131. To the extent the allegations of Paragraph 131 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

132. The allegations of Paragraph 132 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

133. The allegations of Paragraph 133 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 11 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 11 of
28

134. To the extent the allegations of Paragraph 134 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

135. The allegations of Paragraph 135 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

136. The allegations of Paragraph 136 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

137. The allegations of Paragraph 137 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

138. The allegations of Paragraph 138 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

139. The allegations of Paragraph 139 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

140. The allegations of Paragraph 140 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

141. The allegations of Paragraph 141 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

142. The allegations of Paragraph 142 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

143. Defendant denies the allegations contained in Paragraph 143.

144. The allegations of Paragraph 144 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

145. The allegations of Paragraph 145 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

146. To the extent the allegations of Paragraph 146 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 12 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 12 of
28

147. To the extent the allegations of Paragraph 147 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

148. The allegations of Paragraph 148 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

149. Defendant admits the allegations contained in Paragraph 149.

150. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150. To the extent an answer is required, Defendant denies.

151. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151. To the extent an answer is required, Defendant denies.

152. Defendant admits the allegations contained in Paragraph 152.

153. Defendant denies the allegations contained in Paragraph 153. Plaintiff filed a Chapter 13 proceeding in the United States Bankruptcy Court for the Northern District of California as Case No. 09-51662 on March 11, 2009. The case was before Judge Roger L. Efremsky.

154. To the extent the allegations of Paragraph 154 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

155. Defendant denies the allegations contained in Paragraph 155.

156. The allegations of Paragraph 156 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

157. The allegations of Paragraph 157 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

158. Defendant denies the allegations contained in Paragraph 158.

159. Defendant denies the allegations contained in Paragraph 159.

160. Defendant denies the allegations contained in Paragraph 160.

161. The allegations of Paragraph 161 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 13 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 13 of 28

162. Defendant denies the allegations contained in Paragraph 162.

163. Defendant denies the allegations contained in Paragraph 163.

164. Defendant denies the allegations contained in Paragraph 164.

165. Defendant denies the allegations contained in Paragraph 165.

166. To the extent the allegations of Paragraph 166 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

167. To the extent the allegations of Paragraph 167 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

168. The allegations of Paragraph 168 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

169. To the extent the allegations of Paragraph 169 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

170. The allegations of Paragraph 170 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

171. To the extent the allegations of Paragraph 171 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

172. The allegations of Paragraph 172 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

173. The allegations of Paragraph 173 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

174. The allegations of Paragraph 174 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

175. The allegations of Paragraph 175 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 14 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 14 of
28

176.    The allegations of Paragraph 176 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

177.    The allegations of Paragraph 177 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

178.    The allegations of Paragraph 178 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

179.    The allegations of Paragraph 179 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

180.    Defendant denies the allegations contained in Paragraph 180.

181.    To the extent the allegations of Paragraph 181 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

182.    The allegations of Paragraph 182 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

183.    Defendant denies the allegations contained in Paragraph 183.

184.    The allegations of Paragraph 184 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

185.    Defendant denies the allegations contained in Paragraph 185.

186.    The allegations of Paragraph 186 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

187.    To the extent the allegations of Paragraph 187 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

188.    The allegations of Paragraph 188 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

189.    The allegations of Paragraph 189 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 15 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 15 of
28

190.     The allegations of Paragraph 190 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

191.     The allegations of Paragraph 191 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

192.     The allegations of Paragraph 192 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

193.     The allegations of Paragraph 193 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

194.     The allegations of Paragraph 194 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

195.     The allegations of Paragraph 195 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

196.     To the extent the allegations of Paragraph 196 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

197.     The allegations of Paragraph 197 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

198.     To the extent the allegations of Paragraph 198 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

199.     The allegations of Paragraph 199 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

200.     The allegations of Paragraph 200 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

201.     The allegations of Paragraph 201 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

202.     The allegations of Paragraph 202 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 16 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 16 of
28

203. The allegations of Paragraph 203 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

204. The allegations of Paragraph 204 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

205. The allegations of Paragraph 205 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

206. The allegations of Paragraph 206 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

207. The allegations of Paragraph 207 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

208. Defendant denies the allegations contained in Paragraph 208.

209. To the extent the allegations of Paragraph 209 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

210. The allegations of Paragraph 210 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

211. Defendant denies the allegations contained in Paragraph 211.

212. The allegations of Paragraph 212 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

213. Defendant denies the allegations contained in Paragraph 213.

214. Defendant denies the allegations contained in Paragraph 214.

215. To the extent the allegations of Paragraph 215 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

216. The allegations of Paragraph 216 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

- 17 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 17 of
28

217.     To the extent the allegations of Paragraph 217 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

218.     To the extent the allegations of Paragraph 218 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

219.     The allegations of Paragraph 219 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

220.     The allegations of Paragraph 220 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

221.     The allegations of Paragraph 221 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

222.     To the extent the allegations of Paragraph 222 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document.

223.     The allegations of Paragraph 223 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

224.     The allegations of Paragraph 224 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

225.     The allegations of Paragraph 225 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

## **FIRST CAUSE OF ACTION**

226.     Defendant repeats and incorporate its answers to all of the preceding allegations within Paragraphs 1-225 as if set forth fully in its response to Paragraph 226.

227.     The allegations of Paragraph 227 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

228.     The allegations of Paragraph 228 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

- 18 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 18 of 28

229.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.  To the extent an answer is required, Defendant denies.

230.     The allegations of Paragraph 230 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

231.     The allegations of Paragraph 231 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

232.     The allegations of Paragraph 232 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

233.     The allegations of Paragraph 233 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

234.     The allegations of Paragraph 234 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

235.     The allegations of Paragraph 235 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

236.     The allegations of Paragraph 236 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

237.     The allegations of Paragraph 237 state a request for relief and legal conclusions, to which no answer is required.  To the extent an answer is required, Defendant denies.

## SECOND CAUSE OF ACTION

238.     Defendant repeats and incorporate its answers to all of the preceding allegations within Paragraphs 1-225 as if set forth fully in its response to Paragraph 238.

239.     The allegations of Paragraph 239 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

240.     The allegations of Paragraph 240 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

241.     The allegations of Paragraph 241 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

242. The allegations of Paragraph 242 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

243. The allegations of Paragraph 243 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

244. The allegations of Paragraph 244 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

245. The allegations of Paragraph 245 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

246. The allegations of Paragraph 246 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

247. The allegations of Paragraph 247 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

## **THIRD CAUSE OF ACTION**

248. Defendant repeats and incorporate its answers to all of the preceding allegations within Paragraphs 1-225 as if set forth fully in its response to Paragraph 248.

249. To the extent the allegations of Paragraph 249 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with those documents.

250. The allegations of Paragraph 250 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

251. The allegations of Paragraph 251 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

252. The allegations of Paragraph 252 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

253. The allegations of Paragraph 253 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

254. The allegations of Paragraph 254 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 20 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 20 of
28

255. The allegations of Paragraph 255 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

256. The allegations of Paragraph 256 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

257. The allegations of Paragraph 257 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

258. The allegations of Paragraph 258 state a request for relief and legal conclusions, to which no answer is required. To the extent an answer is required, Defendant denies.

## FOURTH CAUSE OF ACTION

259. Defendant repeats and incorporate its answers to all of the preceding allegations within Paragraphs 1-225 as if set forth fully in its response to Paragraph 259.

260. The allegations of Paragraph 260 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

261. The allegations of Paragraph 261 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

262. To the extent the allegations of Paragraph 262 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with those documents.

263. To the extent the allegations of Paragraph 263 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with those documents.

264. Defendant admits that that Plaintiff no longer owns the subject property and denies the remaining allegation contained in Paragraph 264.

265. Defendant denies the allegations contained in Paragraph 265.

266. The allegations of Paragraph 266 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies.

267. The allegations of Paragraph 267 state a request for relief and legal conclusions, to which no answer is required. To the extent an answer is required, Defendant denies.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 21 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 21 of
28

1      268.      Defendant denies that Plaintiff is entitled to the request for relief in Paragraph 268.

2      269.      Defendant denies that Plaintiff is entitled to the request for relief in Paragraph 269.

3      270.      Defendant denies that Plaintiff is entitled to the request for relief in Paragraph 270.

4      271.      Defendant denies that Plaintiff is entitled to the request for relief in Paragraph 271.

5      272.      Defendant denies that Plaintiff is entitled to the request for relief in Paragraph 272.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State A Claim)**

The operative Complaint fails to state facts sufficient to constitute a claim for relief.

**SECOND AFFIRMATIVE DEFENSE**
**(No Common Law Negligence)**

Defendant alleges that it owed no duty to Plaintiff, and that there is no common law duty, and that duties imposed by the Deed of Trust or applicable statutes were complied with.

**THIRD AFFIRMATIVE DEFENSE**
**(Lien Survives Bankruptcy)**

Defendant alleges that the Second Trust Deed survived the Chapter 7 case.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Tender)**

Defendant alleges that the operative Complaint is barred because of a failure to tender.

**FIFTH AFFIRMATIVE DEFENSE**
**(Compliance with All Statutes)**

Defendant alleges that it has complied with all required statutes, and all required notices were sent.

**SIXTH AFFIRMATIVE DEFENSE**
**(Misjoinder)**

Defendant has failed to join the actual beneficiary of the first Deed of Trust, in violation of FRBP 7019.

*///*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 22 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 22 of
28

## SEVENTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

All claims against Defendant are barred because all information communicated to any person, if any, was true.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, and Estoppel)

The claims for relief set forth in the operative Complaint are barred by the doctrines of laches, waiver, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

Defendant alleges that Plaintiff was negligent in relation to the matters that are alleged as wrongs in the operative Complaint. Such negligence prejudiced the rights of Defendant, thus barring a whole recovery by Plaintiff or only allowing a partial recovery, if any, by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Defendant is informed and believes and thereon alleges that the claims for relief in the operative Complaint herein are barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure §§ 335.1, 337, 338, 339, 340 and 343, and 15 U.S.C. § 1692k(d).

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The operative Complaint—and each claim for relief therein that seeks equitable relief—is barred by the doctrine of unclean hands.

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

- 23 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 23 of 28

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

Defendant alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the operative Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Defendant was not a proximate cause of the alleged injuries.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Offset)

Plaintiff's damages, if any, should be offset, in whole or in part, against any alleged damages or loss caused by Plaintiff to Defendant as a result of Plaintiff's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which she now bases her various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Defendant alleges that recovery against it would unjustly enrich Plaintiff in that the alleged losses, and each and every wrong of which Plaintiff complains, occurred by virtue of her own conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

Defendant alleges that Plaintiff was duly notified of the facts and condoned and ratified the matters she alleges as a wrong or wrongs.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff consented to Defendant's conduct.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT

**NINETEENTH AFFIRMATIVE DEFENSE**
**(In Pari Delicto)**

The operative Complaint, and each and every cause of action contained in Plaintiff's complaint, is barred by the doctrine of in pari delicto.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Not Eligible Under HOBR)**

The operative Complaint, and each and every cause of action contained in Plaintiff's complaint, is barred by any lack of eligibility under the California Homeowner's Bill of Rights ("HOBR"), or HOBR is inapplicable to Defendant and/or this subject Second Trust Deed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Lack of Due Diligence)**

Defendant alleges if Defendant has in any way breached any duty alleged to have been owed to Plaintiff, which Defendant specifically and expressly denies, said breach is excused by Plaintiff's failure to use her own best efforts, and by her failure to use due diligence.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Failure to Join Parties)**

Defendant alleges Plaintiff haves failed to join necessary and/or indispensable parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(No Duty)**

Defendant alleges that it owed no duty to Plaintiff, and there was nothing more than a lender/borrower relationship.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Privilege)**

Defendant alleges the claims are barred by the doctrine of privilege, including but not limited to Civil Code §§ 47(b)(c) and 2924(d), the pursuit of legitimate interests, and asserting properly its rights.

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4850-9824-2949 v1
F0016-0002

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reduction of Damages Based on Third Party Fault)

Defendant is entitled to have any award against it reduced or eliminated to the extent that the negligence, carelessness, or defect resulted from the acts/omissions or comparative fault of other persons that contributed to Plaintiff's damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Acts Contractually Authorized)

Defendant alleges that Plaintiff agreed to be governed by the terms and conditions of the promissory note and Deed of Trust, and the actions of Defendant were authorized pursuant to the terms and conditions thereof. Defendant's actions related to the events alleged in the operative Complaint were at all times legal and authorized.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Breach of Legal Duty)

Defendant alleges that Plaintiff's act(s) and omission(s) regarding the promissory note and Deed of Trust constituted a breach of legal duty.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Not a Debt Collector)

Plaintiff's claim is barred in that either Defendant purchased a mortgage loan originated by someone else and then sought to collect the mortgage loan for its own account, and therefore, it is not a "debt collector" subject to the Fair Debt Collection Practices Act ("FDCPA"), or the Defendant is not a debt collector as defined under the FDCPA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Not Debt Collection)

Plaintiff's claim is barred because a non-judicial foreclosure is not an attempt to collect a debt under the FDCPA.

///

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 26 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

## THIRTIETH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

If Defendant's purported demand for payment to Plaintiff is found to be in violation of any section of the Federal Debt Collection Practices Act, Defendant's violation, if any, was unintentional and resulted from a bona fide error in spite of Defendant's reasonable procedures maintained to avoid such error.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Standing)

Defendant alleges that Plaintiff has no standing to challenge any assignments of the Loan or Deed of Trust.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff's operative Complaint is dismissed in its entirety with prejudice and that Plaintiff takes nothing by way of this operative Complaint;

2.     For costs and attorney's fees for defending this action; and

3.     For such other and further relief as this Court deems just and proper.

Dated:     January 17, 2019              BURKE, WILLIAMS & SORENSEN, LLP


By: _____
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Defendant
NEWPORT BEACH HOLDINGS, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

- 27 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 27 of
28

**PROOF OF SERVICE**

I, Bernadette Antle, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is *1851 East First Street, Suite 1550, Santa Ana, California 92705-4067*.

On **January 17, 2019**, I electronically filed the attached document:

**ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY COMPLAINT BY NEWPORT BEACH HOLDINGS, LLC**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

- Rafael Ramon Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com
- Richard J. Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Cecilia Mangaoang
2901 Capewood Lane
San Jose, CA 95132

Judge M. Elaine Hammond
United States Courthouse, Room 3035
280 South First Street
San Jose, CA 95113-3099

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 17, 2019**, at Santa Ana, California.

Bernadette C. Antle

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4850-9824-2949 v1
F0016-0002

\- 28 -

ANSWER TO PLAINTIFF'S VERIFIED ADVERSARY
COMPLAINT

Case: 18-05062    Doc# 22    Filed: 01/17/19    Entered: 01/17/19 15:02:05    Page 28 of 28