BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Defendants
SPECIAL DEFAULT SERVICES, INC.; TRINITY
FINANCIAL SERVICES, LLC; and NEWPORT
BEACH HOLDINGS, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MANGAOANG,<br><br>Debtor, | Case No. 18-52245-MEH<br><br>Adv. No. 18-05062<br><br>Chapter Number: 13<br><br>**DEFENDANTS SPECIAL DEFAULT SERVICES, INC., TRINITY FINANCIAL SERVICES, LLC, AND NEWPORT BEACH HOLDINGS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| CECILIA MANGAOANG,<br><br>Plaintiff,<br><br>v.<br><br>SPECIAL DEFAULT SERVICES, INC.;<br>TRINITY FINANCIAL SERVICES, LLC;<br>NEWPORT BEACH HOLDINGS, LLC;<br>Does 1-10, inclusive<br><br>Defendants. | Date: [None Set]<br>Time: [None Set]<br>Ctrm: 3020 |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 1 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062   Doc# 60   Filed: 03/13/19   Entered: 03/13/19 14:48:37   Page 1 of 16

Defendants Special Default Services, Inc., Trinity Financial Services, LLC, and Newport Beach Holdings, LLC (collectively, "Defendants") hereby oppose (this "Opposition") Debtor Cecilia Mangaoang's (the "Debtor") *Motion for Leave to File Second Amended Complaint* [Docket No. 24] (the "Motion"). Defendants also agree to the Debtor's request for a ruling without a hearing [Docket No. 55].

## I. INTRODUCTION

Through the Motion, the Debtor belatedly seeks to collaterally attack (1) the Court's denial of an extension of the automatic stay in this case, as well as (2) the Court's dismissal of her 2017 bankruptcy. The Debtor also seeks to try claims against her former bankruptcy counsel, as well as strip Trinity's lien—despite Trinity now having title to the subject property. These claims are wholly futile. The amendments proposed in the Motion must be denied.

## II. STATEMENT OF FACTS

### A. Trinity's Lien

1. Trinity's claim was evidenced by a Note signed by Debtor Cecilia Mangaoang and dated January 9, 2007, in the original principal sum of $131,000.00 (the "Note"). A true and correct copy of the Note is attached as Exhibit 1 to Trinity's Objection to the original Chapter 13 Plan [Main Case Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

2. The Note was secured by a second deed of trust (the "Deed of Trust") encumbering the real property commonly known as 2901 Capewood Lane, San Jose, CA 95132 (the "Property"). A true and correct copy of the Note is attached as Exhibit 2 to Trinity's Objection to the original Chapter 13 Plan [Main Case Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

3. The Note was previously assigned to Newport Beach Holdings, LLC ("NBH") and subsequently to Trinity. Trinity, directly or through an agent, is in possession of the original promissory note. A copy of the assignments is attached as Exhibit 3 to Trinity's Objection to the original Chapter 13 Plan [Main Case Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 2 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062  Doc# 60  Filed: 03/13/19  Entered: 03/13/19 14:48:37  Page 2 of 16

**B. The 2009 Case**

4. On March 11, 2009, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 09-51662 (the "2009 Case") [2009 Case Docket No. 1]. This was an incomplete filing, and on March 12, 2009, the Court issued its Order to File Required Documents and Notice Regarding Dismissal [2009 Case Docket No. 4].

5. On March 12, 2009, the Court issued its Order Providing for Dismissal for Failure to File Chapter 13 Plan [2009 Case Docket No. 5].

6. The Debtor failed to file the required documents, and on March 31, 2009 the Court issued its Order and Notice of Dismissal for Failure to Comply [2009 Case Docket No. 14].

**C. The 2016 Case**

7. The Debtor defaulted under the terms of the Note and Deed of Trust. On September 9, 2016, a Notice of Default and Election to Sell was recorded in Santa Clara County, Instrument No. 2342666.

8. On December 8, 2016, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 16-53447-SLJ [2016 Case Docket No. 1]. This was an incomplete filing, and on December 9, 2016, the Court issued its Order to File Required Documents and Notice Regarding Dismissal [2016 Case Docket No. 4].

9. The Debtor failed to file the required documents, and on December 23, 2016, the Court issued its Order and Notice of Dismissal [2016 Case Docket No. 8].

**D. The 2017 Case**

10. On January 6, 2017, a Notice of Sale was recorded in Santa Clara County, Instrument No. 23552011, with the foreclosure sale of the subject property scheduled for February 1, 2017.

11. On January 31, 2017, just one day prior to the scheduled foreclosure sale, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 17-50208-SLJ [2017 Case Docket No 1].

12. On January 31, 2017, the Debtor filed her Chapter 13 Plan [2017 Case Docket No. 6], and the Confirmation Hearing was scheduled for April 4, 2017 [2017 Case Docket No. 8].

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4841-2061-5816 v1
06836-0146.001

- 3 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062   Doc# 60   Filed: 03/13/19   Entered: 03/13/19 14:48:37   Page 3 of 16

13. On February 14, 2017, the Debtor filed a Declaration and Motion to Extend the Automatic Stay [2017 Case Docket Nos. 11 and 13].

14. On March 2, 2017, the Court issued its Order on the Motion to Extend or Impose Stay [2017 Case Docket No. 15].

15. On March 17, 2017, NBH filed its Objection to Confirmation of Plan [2017 Case Docket No. 19].

16. On May 2, 2017, Senior Lienholder, Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee, for the benefit of registered holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates ("Wilmington") filed its Objection to Confirmation of the Chapter 13 Plan [2017 Case Docket No. 26].

17. On August 4, 2017, the Debtor filed her Amended Chapter 13 Plan [2017 Case Docket No. 30].

18. On September 1, 2017, NBH filed its Objection to Confirmation of the First Amended Plan [2017 Case Docket No. 32].

19. On September 12, 2017, the office of the Chapter 13 Trustee filed its Amended Objection to Confirmation of the Chapter 13 Plan [2017 Case Docket No. 34].

20. On September 13, 2017, the Chapter 13 Trustee's office filed its Motion to Dismiss Pre-Confirmation Pursuant to 11 U.S.C. Sec. 1307(c) (the "Motion to Dismiss") [2017 Case Docket No. 35].

21. On September 28, 2017, the Debtor filed her Third Amended Chapter 13 Plan [2017 Case Docket No. 37].

22. On September 28, 2017, the Debtor filed her Amended Schedules I and J [2017 Case Docket No. 38].

23. On November 17, 2017, Wilmington filed its Notice of Hearing and Motion for Relief from the Automatic Stay [2017 Case Docket Nos. 43 and 44].

24. On January 11, 2018, the Court issued its Order Granting Wilmington's Motion for Relief from the Automatic Stay [2017 Case Docket No. 49].

25. On January 25, 2018, the Court entered its Order on the Trustee's Motion to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 4 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 4 of 16

Dismiss (the "Dismissal Order") [2017 Case Docket No. 52]. Pursuant to the terms of the Dismissal Order, the Debtor was required to confirm a Chapter 13 plan by March 22, 2018, or the clerk was to dismiss the case.

26. On February 13, 2018, the Debtor filed her Third Amended Chapter 13 Plan [2017 Case Docket No. 53] and her Amended Schedules I and J [2017 Case Docket No. 54].

27. On February 27, 2018, Wilmington filed its Objection to Confirmation of the Plan [2017 Case No. 57], as the Debtor had placed Wilmington's first lien in her plan after Wilmington had already obtained its Order Granting Relief from the Automatic Stay.

28. On March 7, 2018, NBH filed its Objection to Confirmation of the Third Amended Plan [2017 Case Docket No. 58].

29. On March 19, 2018, the Debtor filed her Ex Parte Motion to Extend Time [2017 Case Docket No. 62].

30. On March 20, 2018, NBH filed its Brief/Memorandum in Opposition to the Debtor's Motion to Extend Time [2017 Case No. 63].

31. On March 22, 2018, the Court issued its Order on the Debtor's Motion to Extend Time, extending the deadline for the Debtor to confirm a plan from March 22, 2018 to April 26, 2018 [2017 Docket No. 67].

32. On April 27, 2018, the Court issued another order extending the confirmation deadline [2017 Case Docket No. 71].

33. On May 7, 2018, the Trustee filed her Fourth Amended Objection to Confirmation of Chapter 13 Plan [2017 Case Docket No. 72].

34. On May 16, 2018, Wilmington filed its Supplemental Memorandum of Points and Authorities in Support of Objection to Confirmation of Third Amended Chapter 13 Plan [2017 Case Docket No. 73].

35. On May 17, 2018, the Debtor filed her Brief/Memorandum in support of plan confirmation [2017 Case Docket No. 74].

36. On May 23, 2018, NBH filed its Response in Opposition to Debtor's Status Statement and Brief re Confirmation [2017 Case Docket No. 75].

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 5 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 5 of 16

37. On May 31, 2018, the Court issued its Order and Notice of Dismissal for Failure to Comply [2017 Case Docket No. 71].

E. **2018 Case**

38. On September 6, 2018, a Notice of Sale was recorded in Santa Clara County, Instrument No. 24018268, with the foreclosure sale of the subject property scheduled for October 5, 2018.

39. On October 4, 2018, just one day prior to the scheduled foreclosure sale, the Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 18-52245-MEH [Main Case Docket No 1].

40. Once again, the Debtor filed an incomplete filing, and on October 5, 2018, the Court issued its Order to file Required Documents and Notice of Automatic Dismissal [Main Case Docket No. 6].

41. On October 17, 2018, the Debtor filed her original Chapter 13 Plan [Main Case Docket No. 22].

42. On October 18, 2018, the Debtor filed her Motion to Extend Automatic Stay [Main Case Docket No. 24].

43. On October 24, 2018, NBH filed its Opposition to the Motion to Extend Automatic Stay [Main Case Docket No. 28].

44. On November 2, 2018, the Court issued its Order Denying the Motion to Extend Automatic Stay [Main Case Docket No. 31].

45. On November 5, 2018, as there was no automatic stay in effect, the foreclosure trustee for the subject property completed its foreclosure sale on the subject property. A true and correct copy of the Trustee's Deed Upon Sale in favor of Trinity is attached as Exhibit 4 to Trinity's Objection to the original Chapter 13 Plan [Main Case Docket No. 43]. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

46. On November 15, 2018, the Chapter 13 Trustee filed her Objection to Confirmation of the Chapter 13 Plan [Main Case Docket No. 37].

47. On November 20, 2018, Trinity filed its Objection to Confirmation of the Chapter

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 6 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 6 of 16

13 Plan [Main Case Docket No. 43].

48. On December 4, 2018, the Chapter 13 Trustee filed her Motion to Dismiss Chapter 13 Case for Failure to Make First Plan Payment [Main Case Docket No. 50].

49. On December 28, 2018, Trinity filed its Joinder to the Trustee's Motion to Dismiss [Main Case Docket No. 53].

50. On January 3, 2019, the Chapter 13 Trustee filed her First Amended Objection to Confirmation of Chapter 13 Plan [Main Case Docket No. 59].

51. On January 7, 2019, the Debtor filed her First Amended Chapter 13 Plan [Main Case Docket No. 66].

52. On January 8, 2019, the Debtor filed her Motion for Stay Pending Appeal [Main Case Docket No. 67].

53. On January 16, 2019, the Court issued its Order Denying Motion for Stay Pending Appeal [Main Case Docket No. 77].

54. On January 16, 2019, the Chapter 13 Trustee filed her Motion to Dismiss Case Pre-Confirmation Pursuant to 11 U.S.C. § 1307(c) [Main Case Docket No. 78].

55. On January 17, 2019, Trinity filed its Objection to Confirmation of First Amended Chapter 13 Plan [Main Case Docket No. 80].

56. On January 18, 2019, Wilmington Trust, N.A. NA, successor trustee to Citibank, N.A., as Trustee, for the benefit of registered holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates ("Wilmington") filed its Objection to Confirmation of the First Amended Chapter 13 Plan [Main Case Docket No. 80].

57. On January 22, 2019, the Chapter 13 Trustee filed her Withdrawal of Motion to Dismiss [Main Case Docket No. 85].

58. On February 2, 2019, the Chapter 13 Trustee filed her Second Amended Objection to Confirmation of Chapter 13 Plan [Main Case Docket No. 86].

59. On February 11, 2019, the Debtor filed her Verified Opposition to Motion to Dismiss Pre-Confirmation [Main Case Docket No. 87].

60. On February 11, 2019, the Debtor filed her Verified Opposition to the Trustee's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 7 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062　Doc# 60　Filed: 03/13/19　Entered: 03/13/19 14:48:37　Page 7 of 16

Second Amended Objection to Confirmation of Chapter 13 Plan [Main Case Docket No. 88].

61. On February 11, 2019, the Debtor filed her Second Amended Chapter 13 Plan Request for Lien Avoidance, Request for Valuation [Main Case Docket No. 89].

62. On February 22, 2019, the Chapter 13 Trustee filed her Third Amended Objection to Chapter 13 Plan [Main Case Docket No. 93].

63. On February 25, 2019, Wilmington filed its First Amended Objection to Confirmation of Chapter 13 Plan [Main Case Docket No. 94].

64. On February 26, 2019, the Debtor filed her Third Amended Chapter 13 Plan Request for Valuation [Main Case Docket No. 95].

65. On March 8, 2019, the Chapter 13 Trustee filed her Fourth Amended Objection to Confirmation of Chapter 13 Plan [Main Case Docket No. 97].

**F.** **The Adversary Proceeding**

66. On December 4, 2018, the Debtor filed her Adversary Complaint, Case No. 18-05062-MEH [Docket No. 1].

67. On December 7, 2018, the Debtor filed her First Amended Adversary Complaint [Docket No. 7].

68. On January 17, 2019, Special Default Services, Inc. ("SDS") filed its Answer to Complaint [Docket No. 20].

69. On January 17, 2019, Trinity filed its Answer to Complaint [Docket No. 21].

70. On January 17, 2019, Newport Beach Holdings, LLC ("NBH") filed its Answer to Complaint [Docket No. 22].

71. On February 11, 2019, Debtor filed her Motion for Leave to File Second Amended Complaint [Docket No. 24].

72. On February 20, 2019, the Debtor filed her Motion for Temporary Restraining Order, Memorandum in Support of Motion for Temporary Restraining Order, and Declaration in Support of Motion for Temporary Restraining Order [Docket No(s). 27, 28, and 29].

73. On February 22, 2019, Trinity filed its Opposition to Motion for Temporary Restraining Order and its Evidentiary Objections in Support of Opposition to Motion for

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 8 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 8 of 16

Temporary Restraining Order [Docket No(s). 32 and 33].

74. On February 25, 2019, the Court issued its Temporary Restraining Order [Docket No. 35]. This injunctive relief expired on its own terms on March 11, 2019 at 9:00 AM.

75. On February 27, 2019, Debtor filed her Notice of Lis Pendens and Request for Order Approving Notice of Pendency of Action [Docket No(s). 43 and 44].

76. On March 1, 2019, the Debtor filed her Notice of Non-Consent to Electronic Service [Docket No. 49].

77. On March 7, 2019, Trinity filed its Opposition to Preliminary Injunction [Docket No. 56].

78. On March 8, 2019, the Court issued its Order Denying Preliminary Injunction [Docket No. 58].

**G.  The Foreclosure of the Subject Property**

45. Newport Beach Holdings, LLC ("NBH"), the prior owner of Trinity's second lien, caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust as Document No. 23426666 in the Santa Clara County Recorder's office on September 9, 2016. This document is attached as Exhibit 9 to Trinity's Opposition to Preliminary Injunction. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

46. NBH caused to be recorded a Notice of Sale as Document No. 23552011 in the Santa Clara County Recorder's Office on January 6, 2017. This document is attached as Exhibit 10 to Trinity's Opposition to Preliminary Injunction. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

47. On September 12, 2018, NBH recorded an Assignment of Deed of Trust transferring the interest to Trinity. This document was recorded as Document No. 24022209 in the Santa Clara County Clerk-Recorder's Office.

48. On September 6, 2018, Trinity and NBH's foreclosing trustee, Special Default Services, caused to be recorded a Notice of Trustee's Sale against the Debtor's subject property. This Notice of Trustee's Sale was recorded as Document No. 24018268 in the Santa Clara County Clerk-Recorder's office, and is attached as Exhibit 11 to Trinity's Opposition to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 9 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062   Doc# 60   Filed: 03/13/19   Entered: 03/13/19 14:48:37   Page 9 of 16

Preliminary Injunction. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

49. On November 5, 2018, as there was no automatic stay in effect, the foreclosure trustee for the subject property completed its foreclosure sale on the subject property. The Trustee's Deed Upon Sale in favor of Trinity was recorded in the Santa Clara County Clerk-Recorder's office as Document No. 24064356. A true and correct copy of the Trustee's Deed Upon Sale in favor of Trinity is attached as Exhibit 4 to Trinity's Objection to the original Chapter 13 Plan. Trinity requests the Court take judicial notice of this recorded document pursuant to Fed. R. Evid. 201.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Determining whether to grant leave to amend a pleading is an exercise within the Court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."). The standard to be applied in determining the futility of a proposed amendment is identical to that used when considering the sufficiency of a pleading under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4841-2061-5816 v1
06836-0146.001

- 10 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 10 of 16

# ARGUMENT

## A. Plaintiff's Proposed Amendments Fail to State a Claim

The Debtor proposes new allegations in her Second Amended Complaint (the "SAC") that would all prove entirely futile if alleged. As such, this Court should deny the Motion. First, the Debtor attacks her former bankruptcy counsel and the dismissal of her prior case in order to claim that she should be permitted to strip the now-nonexistent lien against her home. SAC, ¶¶ 5-13; 321-337. But the Debtor does not present any authority that permits her to accomplish this through an adversary proceeding, and Defendants are not aware of any. Because the Debtor failed to move to vacate her previous dismissal, and also failed to reinstate the automatic stay in the current main case, the Court's orders have long become final. The Debtor failed to appeal those adverse decisions, and cannot do so now through an adversary proceeding. Accordingly, the Debtor's proposed lien strip amendments in the SAC should be denied.

Next, in the spirit of the First Amended Complaint, the Debtor adds a series of allegations further attacking every step in her foreclosure process. For example, the Debtor alleges that one officer of Defendants is "not a notary," or that another officer "did not sign in the presence of" the notary officer. SAC, ¶¶ 140-145.[1] The Debtor also alleges that "The securitization of the Loan failed due to a lack of recordation of the required assignment of the DOT . . . The failure to deposit the Second Note into the Trust by the closing date is a violation of the PSA and New York trust law." SAC, ¶ 24.

What basis the Debtor has for her allegations, she does not say. However, Defendants need not specifically controvert each and every baseless allegation proposed, as the Debtor lacks standing to challenge her foreclosure. *Jenkins v. JPMorgan Chase Bank, N.A.,* 216 Cal. App. 4th 497, 515 ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements . . . even if any subsequent transfers of the note were invalid, [plaintiff] is not the

---

[1] In the particular case of SAC paragraphs 140-145, the Defendant officers alleged work in the same office a few feet from one another.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 11 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 11 of 16

victim of such invalid transfers because [plaintiff's] obligations under the note remained unchanged."). Federal courts have also held that "third-party borrowers lack standing to assert problems in the assignment of the loan." *Flores v. GMAC Mortgage, LLC*, No. C-12-794-SI, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013); *see also Dahnken v. Wells Fargo Bank, N.A.*, No. C-13-2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) ("[T]he court adopts the majority position of courts within this district, which is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.") (citations omitted); *Almutarreb v. Bank of New York Trust Co., N.A.*, No. C-12-3061-EMC, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012) (holding that plaintiffs "lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA"); *McGough v. Wells Fargo Bank, N.A.*, No. C-12-0050-TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012); *Sami v. Wells Fargo Bank*, No. C-12-00108-DMR, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012).

Even assuming the veracity of the Debtor's allegations, deficiencies in the securitization process or in the assignment of the loan from one entity to another did not change the terms of the Debtor's Note or Deed of Trust (requiring mortgage payments). Because the Debtor was not prejudiced by any of the defects she seeks to allege, the Court should deny the Debtor's request to add those allegations to this case. *See, e.g., Simmons v. Aurora Bank, FSB*, 13-CV-00482 HRL, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013) ("Even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations.") (citation omitted); *Siliga v. Mortg. Elec. Registrations Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) (borrowers lacked standing to complain about loan servicer's and assignee's alleged lack of authority to foreclose on deed of trust where borrowers were in default under the note, absent evidence that the original lender would have refrained from foreclosure); *see also Fontenot v. Wells Fargo Bank*, N.A., 198 Cal. App. 4th 256, 272 (2011) (to recover on a wrongful foreclosure claim, borrower must demonstrate that the alleged imperfection in the foreclosure process was prejudicial; no prejudice exists where borrower was in default and the assignment of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 12 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 12 of 16

the loan did not interfere with the borrower's ability to pay). Tellingly, the Debtor never alleges that she was not in default on her loan, or that Defendants are in error with respect to amounts owed. Therefore, Defendants request that the Motion be denied.

### B. The SAC Improperly Requests Reinstatement of the Bankruptcy Stay

An adversary complaint is not the proper instrument for requesting reinstatement of the automatic stay. Additionally, the SAC is an inappropriate attempt to relitigate the Debtor's attempts to frustrate her eviction. The Debtor previously filed a Motion for Stay Pending Appeal in her latest Chapter 13 [Main Case Docket No. 67]. The Court issued its Order Denying the Motion to Stay Pending Appeal on January 14, 2019 [Main Case Docket No. 77]. This issue has therefore already been litigated. Permitting this issue to be raised again is a waste of the Court and the parties' time. In particular, requiring the Defendants to litigate the issue all over again—after the Debtor has also lost a request for a preliminary injunction—would be burdensome and prejudicial. Accordingly, the Court should deny the Plaintiff's Motion.

### C. The Proposed SAC is Obsolete

The foreclosure sale for the subject property was held on November 5, 2018. The trustee recorded a Trustee's Deed Upon Sale in favor of Trinity. As Trinity's second lien was extinguished and Trinity now holds title to the Property, the Plaintiff may not include a request in her proposed SAC to avoid Trinity's lien, nor may the Debtor attempt to avoid the lien. As Trinity's lien is now extinguished and the Debtor no longer holds title to the subject property, she may not strip Trinity's lien. Accordingly, the SAC's amendments are futile and the Motion must be denied.

### D. The Debtor's Delay in Seeking Amendment Merits Denial

Despite having filed her Chapter 13 in October of 2018, the Debtor only now seeks to add claims to her complaint attacking her prior counsel and the Court's dismissal of her previous case. This is more than sufficient grounds for denial of the Motion. "Undue delay is a valid reason for denying leave to amend." *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Courts inquire whether the plaintiff was on notice of facts warranting amendment. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4841-2061-5816 v1
06836-0146.001

- 13 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 13 of 16

theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Given these considerations, various courts have considered the movant's delay a significant factor in denying leave to amend pleadings. *See, e.g., id*. (delay of seven months in moving to amend after relevant facts were known to movants was "inexplicable and unjustified"); *Johnsen v. Rogers*, 551 F.Supp. 281, 284 (C.D. Cal. 1982) (leave to amend denied when Plaintiffs' sole justification for eight-month delay in asserting new claims was that "they had not previously thought of them"); *Abalos v. Bronchick*, 2008 WL 1929893 at *2 (W.D. Wash. 2008) (unexplained delay in moving to amend was "significant" and "a strong factor supporting denial of plaintiff's motion"). Moreover, observance of a cutoff date in a pretrial scheduling order does not create a presumption that a motion to amend a pleading is timely; rather, such motions are still subject to the court's discretion under Rules 15 and 20. *See AmerisourceBergen Corp. v. Dialysist West Inc*., 465 F.3d 946, 952 (9th Cir. 2006).

Here, the Debtor waited for almost a year after dismissal of her 2017 bankruptcy case before she brought claims attacking that dismissal. She had more than ample time to previously assert her challenges regarding her failed prior bankruptcy. The Debtor also gives no reason why she waited so long to assert these claims. All of the relevant facts substantiating her futile claims were known to the Debtor as of May 31, 2018, when the Court dismissed her 2017 bankruptcy case. Her attempt to add claims regarding this dismissal now is specious. The Debtor's delay in seeking to make these amendments is unreasonable. Nothing prevented the Debtor from timely advancing her bankruptcy claims in either her previous bankruptcy case or the original or first amended versions of her complaint. Therefore, denial of the Debtor's Motion is appropriate.

**E.  The SAC Prejudices Defendants by Adding a New Party**

Prejudice is a crucial consideration in the amendment analysis under Rule 20. Prejudice to existing parties may result from a variety of factors, including the need to undertake additional discovery on newly alleged theories. *See, e.g., Jackson*, 902 F.2d at 1388 ("Putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'") (quoting *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989)).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 14 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 14 of 16

Here, if the Debtor's proposed amendments were permitted, Trinity would be exposed to the burden and expense of defending against the Debtor's specious proposed claims against her former bankruptcy counsel. The additional party the Debtor seeks to join in this action would multiply discovery considerably, while also requiring a much longer trial due to the Debtor's negligence claims. This prejudice, coupled with the strong showing of undue delay and futility, counsels in favor of denying the Motion.

### III. CONCLUSION

For the reasons in this Opposition, Defendants respectfully request that Court deny the Motion. As the Debtor "does not intend to request a hearing on the Motion for Leave to File Second Amended Complaint" [Docket No. 55], Defendants also request a ruling based on the submitted record.

Dated: March 13, 2019

BURKE, WILLIAMS & SORENSEN, LLP

By: *[signature]*
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Defendants
SPECIAL DEFAULT SERVICES, INC.;
TRINITY FINANCIAL SERVICES, LLC;
and NEWPORT BEACH HOLDINGS, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4841-2061-5816 v1
06836-0146.001

- 15 -

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Case: 18-05062    Doc# 60    Filed: 03/13/19    Entered: 03/13/19 14:48:37    Page 15 of 16

# PROOF OF SERVICE

I, Johnnelle Gomez, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is **1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**.

On **March 13, 2019**, I electronically filed the attached document:

**DEFENDANTS SPECIAL DEFAULT SERVICES, INC.'S, TRINITY FINANCIAL SERVICES, LLC'S, NEWPORT BEACH HOLDINGS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

- Rafael Ramon Garcia-Salgado    rgarcia@bwslaw.com, dwetters@bwslaw.com
- Richard J. Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

| | |
|---|---|
| Cecilia Mangaoang<br>2901 Capewood Lane<br>San Jose, CA 95132 | Judge M. Elaine Hammond<br>United States Courthouse, Room 3035<br>280 South First Street<br>San Jose, CA 95113-3099 |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 13, 2019**, at Santa Ana, California.

*/s/ Johnnelle Gomez*
Johnnelle Gomez